Thomas More SOCIETY

LIFE · FAMILY · FREEDOM

April 16, 2026

*Via mail and email: attorney@lincoln.ne.gov*

Yohance L. Christie
Lincoln City Attorney
555 South 10th Street
Suite 300
Lincoln, NE 6800

Dear Mr. Christie:

I am a trial lawyer with the Thomas More Society, a national nonprofit law firm headquartered in Chicago, with an office in Omaha.

This letter is in response to the United States Supreme Court's sweeping and much anticipated decision in *Chiles v. Salazar* on March 31. As I suspect you are aware, the Supreme Court's thorough repudiation of the statute at issue in *Chiles*, as applied to talk therapy, applies with equal force to invalidate Lincoln Ordinances Chapter 11.09 and §11.01.010 ("Sexual Orientation or Gender Identity [SOGI] Change Efforts"). The law found unconstitutional in *Chiles* is nearly identical to Lincoln's ordinances. Our team of attorneys sees no reasonable way for the City of Lincoln to defend its ordinance in light of *Chiles*.

The Lincoln ordinances and the Colorado law found unconstitutional in *Chiles v. Salazar* are so similar that presumably they used the exact same template.

| **Colo. Rev. Stat. §12–245–224** (*see*, *Chiles*, p.3) | **Lincoln Municipal Code, Ch. 11.09, §11.01.010** |
|---|---|
| Forbids "any practice or treatment . . . that attempts or purports to change an individual's sexual orientation or gender identity" Colo. Rev. Stat. §12–245–202(3.5)(a) | Forbids "any counseling, practice, or treatment that seek to change a minor's sexual orientation or gender identity…" Lincoln Municipal Code, §§11.09.020, 11.01.010 ("SOGI Change Efforts") |
| Forbids "efforts to change behaviors or gender expressions or to eliminate or reduce sexual or romantic attraction or feelings toward individuals of the same sex." *Id.* | Forbids "efforts to change behaviors or gender expression, or reduce or eliminate sexual or romantic attraction or feelings toward a person of the same gender." *Id.* |
| Allows "practices or treatments that provide (I) Acceptance, support, and understanding for the facilitation of an individual's coping, social support, identity exploration and development, including sexual-orientation-neutral interventions to prevent or address unlawful conduct or unsafe sexual practices, as long as the counseling does not seek to change sexual orientation or gender identity…" Colo. Rev. Stat. §12–245–202(3.5)(b) | Allows "counseling that does not seek to change sexual orientation or gender identity and that: … 2. Provides acceptance, support, and understanding to the person; or 3. Facilitates a person's coping, social support, identity exploration, and development, including sexual orientation and gender identity-neutral interventions to prevent or address unlawful conduct or unsafe sexual practices." §11.01.010 ("SOGI Change Efforts"). |
| Allows "practices or treatments that provide… (II) Assistance to a person undergoing gender transition." *Id.* | Allows "counseling that does not seek to change sexual orientation or gender identity and that: 1. Assists a person undergoing gender transition..." *Id.* |

121 West Wacker Drive | Suite 650 | Chicago, IL 60601
10506 Burt Circle | Suite 110 | Omaha, NE 68114
P: 312.782.1680 | F: 312.782.1887 | www.thomasmoresociety.org

EXHIBIT
A

| | |
|---|---|
| Regulates "A person licensed, registered, or certified" who has engaged in "Conversion therapy with a client who is under eighteen years of age..." Colo. Rev. Stat. §12–245–224 (1)(t)(V). | Regulates counseling by a "Provider [which] shall mean any person licensed, certified, or registered to provide professional counseling...." §11.01.010 ("Provider"). |

The *Chiles* Supreme Court emphasized that it "has long held that laws regulating speech based on its subject matter ... are presumptively unconstitutional ... trigger[ing] strict scrutiny ...." *Chiles v. Salazar,* No. 24–539, slip op. at 7 (March 31, 2026).[1] It is "rare that [such] a regulation . . . will ever be permissible." *Id.* Even worse, "viewpoint discrimination ... represents an egregious form of content regulation, and governments in this country must nearly always abstain from it." *Id.* at 8. "When the government seeks not just to restrict speech based on its subject matter, but also seeks to dictate what particular opinion or perspective individuals may express on that subject, the violation of the First Amendment is all the more blatant." *Id.* at 8-9.

The Lincoln ordinances, like the Colorado law in *Chiles,* ring all these bells. Our client, like the plaintiff in *Chiles,* only uses "talk therapy" in counseling (as apparently is the case with the overwhelming majority of Lincoln counselors and probably all of them). The Lincoln ordinance unconstitutionally forbids any counselor from helping a child whose stated goal is to "reduce or eliminate unwanted sexual attractions, change sexual behaviors, or grow in the experience of harmony with their bodies." *Chiles*, slip op. at 2. But the Lincoln ordinance brazenly encourages talk therapy that promotes acceptance and facilitation of same-sex orientation or gender transition. The *Chiles* Court found this precise governmental favoritism of one professional opinion over another to be an insurmountable fault. *Id.* at 3-4, 12. As in *Chiles*, the Lincoln ordinances prohibit a licensed counselor from "voicing certain perspectives the [government] disfavors." *Id.* at 14. In doing so, the Lincoln ordinances impose not only "presumptively unconstitutional" content-based regulation, they also involve even more "egregious" viewpoint discrimination. *Id.* at 8.

The City has no *reasonable* argument remaining in the wake of *Chiles v. Salazar.* The Supreme Court put to rest (again) the attempt to resurrect the specious argument that professional speech is generally subject to diminished constitutional protection (except in extremely narrow circumstances not found in the Colorado or Lincoln laws). *Id.* at 10-11, 14-15. The Supreme Court also put to rest Colorado's attempt to mischaracterize a counselor's talk therapy as "conduct" by labeling it as "treatment" or "therapeutic modality." *Id.* at 11-14. Likewise, a counselor's speech of this nature also cannot be mischaracterized as speech "incidental to conduct." *Id.* at 15-17.

Notably—and ominously for the City of Lincoln—even Justices Kagan and Sotomayor agreed the Colorado law, mirrored by Lincoln's, is a blatantly unconstitutional regulation of "talk therapy [that] conflicts with core First Amendment principles because it regulates speech based on viewpoint." *Id.* at 1 (Kagan, J., concurring).

We represent a devout Catholic licensed counselor whose practice has been chilled by the Lincoln ordinance. Our client is ready and eager to challenge the Lincoln ordinance as squarely unconstitutional under *Chiles*. With that in mind, we are first reaching out to you and the City of Lincoln to request that it repeal Lincoln Ordinances Chapter 11.09 and §11.01.010 ("Sexual Orientation or Gender Identity Change

[1] All citations in this letter are "cleaned up," omitting interior quotation marks, punctuation and citations.

Efforts"), to save the City of Lincoln considerable attorney's fees and expenses.

Essentially, there is nothing of substance left of the Lincoln ordinances once the talk-therapy bans are removed. Leaving bans of even alleged non-talk techniques – which have not been adequately defined in the ordinances nor shown to be used currently in Lincoln -- could cause future complainants or city officials to interpret otherwise non-applicable legal terms to apply to purely talk therapy. And that could lead to future law suits that will cost the City dearly. Total repeal is the only way to ensure First Amendment protection.

I suspect most Nebraskans, including most Lincoln taxpayers, would endorse wholeheartedly the Supreme Court's conclusion in *Chiles v. Salazar*:

> The First Amendment stands as a shield against any effort to enforce orthodoxy in thought or speech in this country. It reflects instead a judgment that every American possesses an inalienable right to think and speak freely, and a faith in the free marketplace of ideas as the best means for discovering truth. However well-intentioned, any law that suppresses speech based on viewpoint represents an egregious assault on both of those commitments. *Id.* at 23.

Please confirm that you will recommend repealing Lincoln Ordinances Chapter11.09 and §11.01.010 ("Sexual Orientation or Gender Identity Change Efforts") and that a vote will be placed on the next available Lincoln City Council agenda, but no later than Monday, June 15, 2026. If that does not happen, you will leave us with no option but to file a lawsuit.

Obviously, feel free to give us a call to discuss this further.

Sincerely,

Matthew F. Heffron
**THOMAS MORE SOCIETY**