**Matt Heffron**

---

| | |
|---|---|
| **From:** | Matt Heffron |
| **Sent:** | Tuesday, July 7, 2026 3:12 PM |
| **To:** | attorney@lincoln.ne.gov |
| **Subject:** | Lincoln Municipal Code, Ch. 11.09, §11.01.010 |
| **Attachments:** | Case, Bury v. Missouri, (8th Cir. 7-7-26).pdf |

Mr. Christie:

This is to follow up on my letter to you of April 16 and our telephone conversation of June 15.

I have attached *Bury v. Missouri* (highlighting added), an Eighth Circuit decision within the last five days. As you can see, it construes language nearly identical to that in *Chiles v. Salazar* and in Lincoln Municipal Code, Ch. 11.09, §11.01.010. Following the directive of *Chiles*, the Eighth Circuit overturned a trial court that had refused to enjoin the offending Kansas City ordinance in *Bury v. Missouri*.

So now we know – as expected – that the Lincoln ordinance cannot survive constitutional review in the Eighth Circuit in the wake of *Chiles*.

Please let me know as soon as possible whether the Lincoln City Council will repeal Lincoln Ordinances Chapter 11.09 and §11.01.010 – and if so, when -- or, in the alternative, whether a lawsuit will be necessary.

Thank you in advance for your attention to this matter.

Matt Heffron

*Senior Counsel*

THOMAS MORE SOCIETY

10506 Burt Circle, Suite 110 | Omaha, NE 68114 | 402-952-5415

*CONFIDENTIALITY NOTICE: The information contained in this e-mail and any accompanying attachments is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure, and copying are strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, or call 312.782.1680, and delete the original message and all copies from your system. Sending of this email does not constitute a waiver of any privilege or other similar protection, including the attorney-client privilege or the protections of the work product doctrine. Thank you.*



EXHIBIT B